[624 NYS2d 189]

In the Matter of DOLORES GALANG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 20, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark Dewan* of counsel), for petitioner.

*Stephen David Fink,* Forest Hills, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this Court on motion from the Philippines, on June 28, 1978.

The respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges. The Grievance Committee moved to confirm the report of the Special Referee, while the respondent cross-moves to disaffirm, in part, the findings of the Special Referee, to deem the respondent's interim suspension ample punishment for her errors, and to "remove" the suspension.

Charge One alleged that the respondent failed to properly safeguard, and improperly converted to her own use, funds which had been entrusted to her as a fiduciary. On or about May 6, 1993, the respondent accepted a check in the amount of $18,000 from Lydia Cham in her capacity as a fiduciary. The check represented the down payment in a real estate transaction involving the respondent's clients, Nestor and Estrella Reyes. Pursuant to the terms of the contract of sale, the respondent was to hold the down payment in escrow until the closing of title.

The respondent deposited the aforesaid check into her escrow account at Chase Manhattan Bank on or about May 6, 1993. On or about June 4, 1993, the respondent drew check number 076 on her escrow account. The check was payable to her own order in the amount of $500.

On or about June 28, 1993, the respondent drew check number 078 on her escrow account, payable to her own order, in the amount of $500.

Between June 7 and July 19, 1993, the respondent made 37 Automatic Teller Machine cash withdrawals from her escrow account totalling $7,600. As a result of the foregoing checks and cash withdrawals, the balance in the respondent's escrow account between June 4 and July 19, 1993 was depleted below $18,000, the amount required to be held in escrow.

Title closed in the subject real estate transaction on or about July 23, 1993. None of the aforesaid checks or cash withdrawals related in any way to the real estate transaction between Lydia Cham and the Reyeses. Neither the issuance of the checks nor the cash withdrawals were made with the knowledge or consent of Lydia Cham or the Reyeses.

By reason of the foregoing, the respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3) and DR 9-102 (B) (22 NYCRR 1200.46).

Charge Two alleged that the respondent improperly commingled funds entrusted to her as a fiduciary, to be held in escrow, with funds utilized by the respondent for personal and business purposes. On June 7 and June 17, 1993, the respondent deposited cash in the sums of $1,000 and $7,000 into her escrow account. On or about June 17, 1993, the respondent deposited a $300 check, drawn upon a Chase Manhattan Bank account which she maintained for personal purposes, into her escrow account. On or about June 17, 1993, the respondent deposited a $150 check from Rana P. Akhpart for lawyer's fees into her escrow account. On June 18, June 23, and July 8, 1993, the respondent deposited checks in the sums of $300, $1,500, and $3,802.25 into her escrow account. On or about July 19, 1993, the respondent deposited a check in the sum of $750, representing a security deposit from Haroonel Rasheed for an apartment which she had sublet to him, into her escrow account.

None of the aforesaid deposits related in any way to the real estate transaction between Lydia Cham and the Reyeses for which the respondent had been entrusted as fiduciary to hold the down payment. None of the aforesaid deposits represented funds to be held by the respondent in escrow.

By reason of the foregoing, the respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3) and DR 9-102 (A) and (B) (1) (22 NYCRR 1200.46).

Upon review of the evidence adduced, including bank records and the respondent's admissions, we conclude that the Special Referee properly sustained both charges. As noted by the Special Referee, the fundamental rules pertaining to escrow funds are clear and are not subject to modification by the respondent's proffered excuses. Accordingly, the Grievance Committee's motion to confirm is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances proffered by the respondent, including her personal financial difficulties, the argument that there were sufficient funds in her business account to compensate for the

escrow shortfall, and the fact that English is not her native language. On September 22, 1989, the respondent was issued a Letter of Admonition based upon her engaging in an impermissible conflict of interest in representing a client in the dual capacity of real estate broker and attorney, and a Letter of Caution for failing to reregister with the Office of Court Administration as required by the Judiciary Law. Under the circumstances, the respondent is disbarred for her professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, ROSENBLATT and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Dolores Galang, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dolores Galang is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.